IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION 09-181-KD-M |
| ) | |
| RAYFORD JAMES WILLIAMS, JR., ) | |
|    Defendant. ) | |

ORDER

This matter is before the Court on Defendant Rayford James Williams, Jr.'s motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines (Doc. 55).

Last year, the United States Sentencing Commission enacted an amendment to the United States Sentencing Guidelines that, in general, has the effect of reducing the sentencing ranges for offenses involving particular quantities of crack cocaine. See U.S. Sentencing Guidelines Manual app. C, amend. 750 (2011). Because Parts A and C of this amendment apply retroactively, see id. § 1B1.10(c), the Court is empowered pursuant to 18 U.S.C. § 3582(c)(2) to modify Defendant's sentence. See generally United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("amendments claimed in § 3582(c)(2) motions may be retroactively applied solely where expressly listed under § 1B1.10(c)" (emphasis in original)).

After review of the motion and all relevant factors prescribed by § 1B1.10 and Application Note 1(B) to same, it appears that Defendant is not eligible for a sentence reduction. On November 25, 2009, a jury found Defendant guilty of being a felon in possession of a firearm (Count 1) and possessing less than a gram of crack cocaine (Count 2). (Doc. 26). At sentencing, the Guidelines required that Defendant's counts of conviction be grouped together.

1

See U.S. Sentencing Guidelines Manual § 3D1.2(c) (2009). Because the firearm count was the more serious of the grouped offenses, Defendant's guideline calculation was driven solely by the felon-in-possession guideline. Id. § 3D1.3(a). Because Defendant's sentence was not affected by the quantity of crack cocaine that he possessed, Defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). See § 1B1.10(a)(2)(A) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (c) is applicable to the defendant . . . ."); see also United States v. Holsey, 349 F. App'x 532, 533 (11th Cir. 2009) (affirming district court's denial of § 3582(c)(2) motion based on retroactive amendment to crack cocaine guidelines where, by operation of the Guidelines' grouping rules, defendant was sentenced pursuant to guideline for firearm offenses).

In accordance with the foregoing, Defendant's motion for a reduction of sentence (Doc. 55) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Defendant by U.S. Mail.

**DONE** and **ORDERED** this the **5th** day of **September 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**